14-737-cv
*McCoy v. Morningside at Home Aging in America*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May, two thousand fifteen.

PRESENT:    JOSÉ A. CABRANES,
            GERARD E. LYNCH,
            CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

———————————————————————

BARBARA MCCOY,

        *Plaintiff-Appellant*,

            v.                                          No. 14-737-cv

MORNINGSIDE AT HOME, and AGING IN AMERICA,

        *Defendants-Appellees.[1]*

———————————————————————

**FOR PLAINTIFF-APPELLANT:**        Barbara McCoy, *pro se*, New York, NY.

**FOR DEFENDANT-APPELLEE:**         Barbara E. Hoey, Alison L. MacGregor,
                                    KELLEY DRYE & WARREN LLP, New York,
                                    NY.

---

[1]    The Clerk of the Court is directed to amend the caption as noted.

Appeal from a February 27, 2014 judgment of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellant Barbara McCoy, proceeding *pro se*, appeals the district court's grant of summary judgment dismissing her action brought under, *inter alia*, Title VII of the Civil Rights Act of 1964[2] and the Americans with Disabilities Act, and declining to exercise supplemental jurisdiction over her state law claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpof & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We resolve all ambiguities and draw all inferences in favor of the non-movant. *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Upon *de novo* review, we conclude that McCoy's claims on appeal that she was dismissed because of her disabilities, that her employer failed to reasonably accommodate her, and that her dismissal was in retaliation for her complaints about her disabilities are without merit, substantially for the reasons stated in the district court's opinion and order.[3] *See McCoy v. Morningside at Home & Aging in Am.*, No. 11-cv-2575 (LTS), 2014 WL 737364, at *3-6 (S.D.N.Y. Feb. 25, 2014).

McCoy's remaining arguments on appeal are also without merit. To the extent she argues that she received ineffective assistance of counsel, such a claim is not cognizable in a civil proceeding. *See, e.g.*, *United States v. Coven*, 662 F.2d 162, 176 (2d Cir. 1981). Her argument that defendants discriminated against her because she filed complaints with the New York State Division of Human Rights and the Equal Employment Opportunity Commission was not raised below, and is therefore waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). Finally, her argument that the district court erred in barring her from seeking relief in state court is at odds with the text of the district court's judgment, which explicitly dismissed without prejudice her state law claims.

---

[2]     McCoy describes her retaliation claim as a Title VII claim. She argues, however, that defendants retaliated against her for complaints related to her disabilities. Accordingly, we construe her retaliation claim as an ADA claim, rather than a Title VII claim. *See* 42 U.S.C. § 12203(a).

[3]     We need not reach the merits of McCoy's retaliation claim, as we agree with the district court that McCoy improperly raised this claim for the first time in opposing summary judgment. *See Greenidge v. Allstate Ins. Co.*, 446 F.3d 356, 361 (2d Cir. 2006).

We have considered all of McCoy's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk